695 P.2d 1270

**CEMENT MASONS'-EMPLOYERS' TRUST, Cement Masons'-Employers' Pension Trust, Cement Masons'-Employers' Vacation Trust, and Cement Masons'-Employers' Apprenticeship and Training Trust, Plaintiffs-Appellants,**

v.

**K.H. DAVIS, Defendant-Respondent.**

No. 14956.

Court of Appeals of Idaho.

Feb. 4, 1985.

Andrew M. Chasan (argued) and Charles Bauer, of Lyons, Bohner, Chasan & Walton, Boise, for plaintiffs-appellants.

W. Joe Anderson, of Sharp, Anderson, Bush & Nelson, Idaho Falls, for defendant-respondent.

WALTERS, C.J., BISTLINE, Justice of the Supreme Court sitting by assignment of the Supreme Court, and OLIVER, Retired District Judge sitting by assignment of the Supreme Court.

OLIVER, Acting Judge.

This appeal arises from an action to enforce the terms of labor agreements signed by defendant-respondent K.H. Davis, requiring payment of fringe benefit contributions to plaintiffs-appellants' Trust Funds. Appellants appeal from the district court's disallowance of liquidated damages and attorney fees allegedly due them under the labor agreements. We reverse.

Respondent Davis has been in the building industry for nearly 40 years and has employed a number of people during that time. Davis signed collective bargaining agreements with the Plasterers' and Cement Masons' Association in 1975, 1976 and 1977, and in so doing, became obligated to pay certain contributions for each of his employees covered by the agreements. Appellants' Trust Funds are third party beneficiaries of these collective bargaining agreements. Each of the three labor agreements contained the identical language concerning fringe benefits, which language reads as follows:

"ARTICLE XIX

"Section 1. The Contractor signatory hereto agrees to be bound by the Trust Agreements to make contributions to the joint Trust Funds, in the amounts of certain sums per hour for each compensated clock hour worked, by employees covered by this collective bargaining agreement."

Appellants filed suit in March 1979, seeking to collect delinquent contributions and to be allowed examination of Davis' payroll records. The complaint did not allege the amount of contributions claimed.

Respondent did not answer the complaint. The district court therefore entered an order of default, and an order authorizing an accounting of respondent's payroll records on October 5, 1979. The accounting was conducted, and it revealed some $24,000 in delinquent contributions, liquidated damages and interest. Respondent's subsequent motion to set aside the default order was denied. A judgment of $26,646.64, including costs, was entered against the respondent on December 1, 1980.

On February 2, 1981, respondent again moved to set aside the default and to vacate the judgment. The district court vacated the judgment, on the basis that respondent had not been allowed notice of three days prior to the application for judgment, which notice is required by I.R.C.P. 55(b)(2). The court did not, however, set aside the entry of default. The court held that the defendant was entitled to an opportunity to contest the amount of recovery that should be awarded to the plaintiffs Trust Funds, adding:

"However, this is the most the defendant is entitled to do:

Once the default is established defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. If he wishes an opportunity to challenge plaintiff's right to recovery his only recourse is to show good cause for setting aside the default under Rule 55(c) and, failing that, to contest the amount of recovery.

\* \* \* \* \* \*

'When defendant contests the amount of the claim, a full hearing may be required on the issue of damages, since a default does not concede the amount demanded.' "

After granting respondent's motion for a change of venue to Bonneville County, the court held a hearing on the issue of damages and received evidence submitted by both parties. *See* I.R.C.P. 55(b)(2). Appellants argued that certain trust agreement provisions were incorporated by reference into the labor agreements, providing a basis for recovery of liquidated damages and attorney fees in collecting the delinquent contributions.

The court held that respondent was liable for the arrearages in contributions he was required to make for employees under the agreement, but the judge denied appellants' requests for liquidated damages and attorney fees. The court found that these trust agreement provisions pertaining to liquidated damages and attorney fees had not been incorporated by reference into the labor agreements, and that nothing in the labor agreements provided a basis for such recovery.

Appellants contend that the district court improperly permitted respondent to defend on the merits of the case, in regard to the enforceability of the liquidated damages and attorney fee provisions of the trust agreements, after default had been entered against him. Appellants assert that the allowance of such unpleaded defense is improper in the face of the default order. We agree.

■ While I.R.C.P. 55(b)(2) vests the court with discretion to conduct such hearings, or order such references as are necessary in order to determine the amount of damages for which a party is liable, that Rule does not permit the court to ignore the long-established precept that on default all well pleaded factual allegations in the complaint are deemed admitted. Wright &

Miller, *Federal Practice and Procedure,* § 2688, p. 444 (2d ed. 1983).

Whether the trust agreements were incorporated by reference into the labor agreements is a question of fact. If the fact of incorporation is well pleaded, the defaulting defendant cannot thereafter challenge that fact. We hold, contrary to the holding of the trial court, that Paragraphs III and V of plaintiffs-appellants' complaint sufficiently allege the incorporation of the trust agreements into the labor contracts.

Having so held, we remand to the trial court with instructions to enforce the terms of the trust agreements as to liquidated damages and attorney fees. The trial court will also make a determination under the guidelines set down in *Graves v. Cupic,* 75 Idaho 451, 272 P.2d 1020 (1954), as to whether the provision for liquidated damages amounts to a penalty. The plaintiffs, under the circumstances herein, are not bound by the prayer in the complaint as to amounts of attorney fees.

We find no merit in respondent's argument for dismissal of appellants' appeal. Reversed and remanded. Costs to appellants.

WALTERS, Acting C.J., and BISTLINE, Acting J., concur.